305 F.Supp.2d 1359 (2004)
In re HIGHWAY ACCIDENT IN BUFFALO COUNTY, NEBRASKA, on August 22, 2000
Simona Augyte, et al.
v.
Greyhound Lines, Inc., et al., D. Nebraska, C.A. No. 4:02-3312
Greyhound Lines, Inc.
v.
Robert Wade, et al., D. Nebraska, C.A. No. 8:02-191
Debra Johnson, et al.
v.
Robert Wade, et al., D. Nebraska, C.A. No. 8:03-79
Vickie Wood, et al.
v.
Archway Cookies, LLC, et al., D. Utah, C.A. No. 2:02-1235
No. 1580.
Judicial Panel on Multidistrict Litigation.
February 13, 2004
Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

*1360 ORDER DENYING TRANSFER

WM. TERRELL HODGES, Chairman.
This litigation consists of three actions pending in the District of Nebraska and one action pending in the District of Utah. It arises out of an August 2000 highway accident involving a bus owned by Greyhound Lines, Inc. (Greyhound) and a truck owned by Archway Cookies, LLC (Archway). Two defendants, Archway and the driver of the Archway truck involved in the accident, move the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the District of Nebraska. Joining in support of this motion are i) Greyhound, which is a defendant in two of the actions and the plaintiff in a third; and ii) American Home Assurance Co., the workmen's compensation carrier for the Greyhound bus driver which, along with that bus driver, is a plaintiff in another of the MDL-1580 actions. The only other response to the motion comes from the plaintiffs in the Utah action, who are a passenger on the bus and her spouse. These plaintiffs oppose transfer of their Utah action.
On the basis of the papers filed and hearing session held, the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Proponents of centralization have failed to persuade us that any common questions of fact and law in this docket consisting of a minimal number of actions pending in only two districts are sufficiently complex, unresolved and/or numerous to justify Section 1407 transfer. We point out that alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978). See also Manual for Complex Litigation, Third, § 31.14 (1995).
IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these four actions is denied.